UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBECCA FAIRCLOTH,

    Plaintiff,

v.                                    CASE No. 8:12-CV-107-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's evidence regarding side effects of medication, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high school education, has worked as

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

a cook, background checker, and waitress (Tr. 25-28, 164-71, 209). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on February 14, 2007, due to torn discs, ruptured discs, and migraines (Tr. 204). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "cervical spine disc bulging at C5-6 and C6-7 with mild canal stenosis and end plate changes; cervical radiculopathy; thoracic spine degenerative disc disease; [and] history of left wrist fracture" (Tr. 12). He concluded that, with these impairments, the plaintiff can perform a wide range of light work with the following restrictions (Tr. 13):

> She can lift and carry 20# occasionally and 10# frequently. She can sit, stand or walk 6 hours in an 8 hour workday. She has no limitations in her ability to push-pull with hand or foot controls. She can frequently climb stairs/ramps, balance, stoop, kneel, crouch and crawl. She should avoid ladders. She has no manipulative, visual, communicative or environmental limitations, except for the avoidance of concentrated noise. She can hear, understand, remember and carry out simple routine and complex work instructions, and can interact

> appropriately with co-workers, supervisors and the general public.

The law judge determined that, despite her limitations, the plaintiff could return to her past work as a background checker, cook, and waitress (Tr. 16). Accordingly, the law judge ruled that the plaintiff was not disabled (Tr. 17). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if

she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole contention is that the law judge failed to evaluate the plaintiff's complaints of medication side effects (Doc. 22, pp. 5-8). That contention has merit and warrants reversal.

The plaintiff contends that the law judge failed to consider her complaints of side effects from narcotic medication prescribed by her pain management physician, Dr. Nancy Bruemmer. The plaintiff suffers from neck and back pain and, as a consequence, she has been prescribed Oxycodone HCL, MS Contin, Soma, Methadone (Tr. 442). At the hearing, the plaintiff

testified "I get very drowsy ... I feel like I'm in slow motion all the time" (Tr. 39). Social Security Administration forms completed by the plaintiff also contain complaints of dizziness with an upset stomach, drowsiness, lifelessness, feelings of being in slow motion, and "I don't have my witts [sic] about me ... nor do I have coordination with my arms or hands" (Tr. 55, 57, 174, 186). These allegations are supported by Dr. Bruemmer's statement that the plaintiff's "medication may cause drowsiness and nausea" (Tr. 433).

    The law judge did not even mention the plaintiff's complaints of side effects, much less evaluate them. Citing Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981), the Eleventh Circuit has stated that the law judge "has a duty to investigate the possible side effects of medications taken by a claimant." McDevitt v. Commissioner of Social Security, 241 Fed. Appx. 615, 619 (11th Cir. 2007). The court has recognized that "[i]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." Cowart v. Schweiker, supra, 662 F.2d at 737. Moreover, the Social Security regulations direct the law judge to consider the side effects of medication. 20 C.F.R. 404.1529(c)(3)(iv), 416.929(c)(3)(iv). Consequently, the failure to conduct an evaluation of possible side effects of

medication was determined to be reversible error in <u>McDevitt</u> v. <u>Commissioner of Social Security</u>, <u>supra</u>. The same error is present here. Notably, I have found reversible error in a number of cases due to the failure to evaluate allegations of side effects of medications. <u>See</u> <u>Lowman</u> v. <u>Astrue</u>, 2009 WL 2134920 at *3 (citing cases).

The Commissioner asserts that the law judge implicitly discounted the plaintiff's allegations of side effects as part of his credibility finding (Doc. 23, p. 5). This contention might have some force if the law judge had acknowledged the plaintiff's allegations, but he did not. Thus, there is nothing in the credibility determination, or anywhere else in the decision, that indicates that the law judge had considered those allegations (<u>see</u> Tr. 16). Consequently, from all that appears, the law judge simply overlooked the plaintiff's allegation of medication side effects.

Furthermore, to the extent that the Commissioner argues that substantial evidence supports a finding that side effects are not significant (Doc. 23, p. 5), that argument is an unacceptable <u>post hoc</u> rationalization. <u>Post hoc</u> rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. <u>Motor Vehicle Manufacturers</u>

Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The responsibility for making findings regarding the plaintiff's allegations is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the law judge's failure to evaluate the plaintiff's allegations of medication side effects.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 6th day of February, 2013.

                                                THOMAS G. WILSON
                                     UNITED STATES MAGISTRATE JUDGE